IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOULSTON SIEFKIN LLP, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:02-CV-0139-L |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| Trustee of the Eleanor Pierce Stevens | § | |
| Irrevocable Gift Trust, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Entry of Final Judgment Based on the Mandate of the Court of Appeals, filed November 16, 2006. Having carefully considered the motion, response, reply and surreply,[1] the court **denies** Defendant's Motion for Entry of Final Judgment Based on the Mandate of the Court of Appeals, as such motion is unnecessary in light of the mandate from the Fifth Circuit Court of Appeals and the posture of this case. The court, however, **directs** the parties to confer and attempt to resolve the outstanding matters, and if no resolution can be achieved, Defendant may file a motion for attorney's fees and a bill of cost pursuant to the terms of this order.

## I.    Relevant Background

A brief history of this litigation is necessary to understand the court's ruling on the pending motion. Plaintiffs are Foulston Siefkin LLP ("Foulston Siefkin") and Harvey R. Sorensen ("Sorensen") (collectively "Plaintiffs"); Defendant is Wells Fargo Bank, Texas, N.A., Trustee of the

---

[1]On December 12, 2006, the court granted Plaintiffs' unopposed motion for leave to file a surreply.

**Memorandum Opinion and Order - Page 1**

Eleanor Pierce Stevens Irrevocable Gift Trust ("Wells Fargo").[2]  Wells Fargo initially filed this action in Dallas County Probate Court on December 21, 2001, against Foulston Siefkin and Sorensen, seeking a declaratory judgment that trust assets not be used to pay litigation fees and expenses related to Foulston Siefkin and Sorensen's defense in a lawsuit alleging misconduct related to the administration of the Eleanor Pierce Stevens Irrevocable Gift Trust (the "*Marshall Suit*"). Following removal to federal court on January 22, 2002, Foulston Siefkin and Sorensen filed a counterclaim against Wells Fargo alleging breach of contract or violation of trust, and negligence, and sought a declaratory judgment as to the amount they should recover from Wells Fargo.

Foulston Siefkin and Sorensen filed a motion for partial summary judgment seeking an interpretation of the Trust provision upon which they relied for their claim of reimbursement.  Wells Fargo filed a motion for summary judgment seeking, among other things, a declaration that it is not obligated to pay Foulston Siefkin and Sorensen any amount of money, or, in the alternative, that their recovery cannot exceed $250,000. On December 17, 2004, the court issued an order granting partial summary judgment in favor of Foulston Siefkin and Sorensen, and awarding Sorensen reimbursement for fees and expenses he contended he incurred in connection with the *Marshall Suit*. Among other things, the amount of damages remained for trial.  In their February 25, 2005, Joint Pretrial Order, signed by the court, both parties requested their attorney's fees.  Prior to the start of trial, however, the parties informed the court that they had agreed to a conditional stipulation that obviated the necessity of trial, namely, Sorensen stipulated he was owed $225,000 if he could not recover fees or expenses incurred after the partial summary judgment granted by the court.  The parties reserved the right to appeal adverse rulings of the court.  On March 22, 2005, the court issued

---

[2]On December 20, 2004, the court realigned the parties, making Sorensen and Siefkin the Plaintiffs, and Wells Fargo the Defendant.

**Memorandum Opinion and Order - Page 2**

a final judgment in this action approving and accepting the conditional stipulation and awarding

Sorensen $225,000 from Wells Fargo, as well as postjudgment interest at the applicable federal rate.

*See* Final Judgment (March 22, 2005).  On October 11, 2006, the Fifth Circuit Court of Appeals

reversed and vacated the Final Judgment, rendered judgment in favor of Wells Fargo, and awarded

Wells Fargo the costs of appeal.  The Mandate of the Court of Appeals was dated October 11, 2006,

and was docketed in this court as a Judgment on October 16, 2006.  *See* Docket Entry No. 141.  The

Fifth Circuit did not remand the case to this court for any further proceedings.

**II.     Wells Fargo's Motion for Entry of Final Judgment Based on the Mandate of the Court of Appeals**

**A.     The Parties' Arguments**

Based on the Fifth Circuit's Mandate, Wells Fargo moves the court for entry of a final

judgment which:

> a.     decrees that Plaintiffs Harvey R. Sorensen and Foulston Siefkin LLP take
>        nothing;
>
> b.     awards to Wells Fargo, Trustee, its costs in accordance with Fed. R. Civ. P.
>        54(d)(1) and 28 U.S.C. § 1920 (to be submitted as a separate bill of costs to
>        the Clerk of Court); and
>
> c.     awards to Wells Fargo, Trustee, postjudgment interest to be calculated in
>        accordance with 28 U.S.C. § 1961.

In response, Plaintiffs contend that Wells Fargo's motion should be denied, since the Fifth

Circuit has already entered a final judgment in this case, and to make a further entry of final

judgment "is not only unnecessary but it is also an improper attempt to re-start applicable timetables

under the Federal Rules of Civil Procedure."  Pl. Resp. at 1-2.  Specifically, Plaintiffs argue that

Wells Fargo's motion is "nothing more than a subterfuge, so as to persuade this Court to enter a second final judgment. Granting the Bank's Motion will serve no other purpose than to arguably re-start the fourteen-day period under Fed. R. Civ. P. 54(d)(2), for a request for attorney's fees." *Id.* at 2. Plaintiffs also oppose Wells Fargo's request for postjudgment interest, stating that such an award "is inappropriate in the present situation inasmuch as the Bank received a *take-nothing judgment* from the Court of Appeals." *Id.* (original emphasis). Plaintiffs, however, do not dispute that Wells Fargo, as the prevailing party, should be awarded taxable costs. *Id.* at 3. In its reply brief, Wells Fargo contends that the Court of Appeals left unresolved three claims for relief: (1) the claim for costs incurred in this Court; (2) the claim for attorney's fees; and (3) the claim for postjudgment interest. In their surreply, Plaintiffs contend that costs, attorney's fees and postjudgment interest are all collateral to the final judgment issued by the Fifth Circuit, and that therefore the court should deny Wells Fargo's motion requesting a second Final Judgment.

      **B.**      **Discussion**

      It is undisputed that on October 11, 2006, the Fifth Circuit issued a judgment and mandate which vacated this court's March 22, 2005 Final Judgment awarding $250,000 to Sorensen and rendered judgment in favor of Wells Fargo. That the Fifth Circuit awarded Wells Fargo costs of appeal is not disputed. The Mandate of the Court of Appeals was docketed by the clerk of court for the Northern District of Texas on October 16, 2006. *See* Docket Entry No. 141. At the heart of the parties' dispute is the legal effect of the Fifth Circuit's mandate on the district court. As Wells Fargo would have it, the effect of the mandate is that the court should now enter a final judgment in its favor awarding it costs and postjudgment interest. As Plaintiffs would have it, the Fifth Circuit's

**Memorandum Opinion and Order - Page 4**

Mandate is *the final judgment*, and the court may not issue yet another final judgment.  Neither party is correct in all respects.

As Wells Fargo correctly points out, Plaintiffs rely on inapposite cases to support their argument.  The cases cited by Plaintiffs relate to whether a district court's decision is final for purposes of appeal under 28 U.S.C. § 1291, not the effect of an appellate court's mandate under Fed. R. App. P. 41 on a district court's ability to consider costs and fees.  *See* Pl. Resp. at 2-3 (and cases cited therein); Pl. Surreply at 2 (and cases cited therein).  Plaintiffs cite no authority for their novel proposition that the appellate court's mandate upon docketing becomes, *ipso facto*, the *judgment* for purposes of Fed. R. Civ. P. 54.  Rule 54 pertains to the judgment initially issued or entered by the trial court, or a judgment entered by the trial court after remand in which the merits of a case have been decided.  The court's judgment, entered on March 22, 2005, however, has been vacated by the Fifth Circuit, and the Fifth Circuit has issued its mandate.  This case is in a different posture, as it has gone up on appeal, and the appellate court has vacated the district court's judgment.  At this point, the trial court is acting as a result of the Fifth Circuit's decision and mandate, and not in any way issuing a judgment on the merits.   As set forth below, the court is precluded from addressing any aspect of the merits.

As the Fifth Circuit has stated: "[O]nce a case has been decided on appeal to this Court, a lower court is not free to alter our mandate."  *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir.1996); *see also Harris v. Sentry Title Co., Inc.*, 806 F.2d 1278, 1279 (5th Cir. 1987) ("It cannot be disputed that when further proceedings in the trial court are specified in the mandate of the Court of Appeals, the district court is limited to holding such as are directed.") (internal punctuation omitted); *City of Orlando v. Murphy*, 94 F.2d 426, 429 (5th Cir. 1938) ("Where the

**Memorandum Opinion and Order - Page 5**

merits of a case have been once decided on appeal, the trial court has no authority, without express leave of the appellate court, to grant a new trial and rehearing, or a review, or to permit new defenses, on the merits to be introduced by amendment.").

A district court, however, "is not precluded from acting on a matter neither before nor acted upon by the appeals court."  *United Industries*, 91 F.3d at 764 (Where the issue of attorney's fees was not an issue before the court on appeal, following appellate court's affirmance of district court's ruling in favor of licencee for reformation of patent license agreement, "at a jurisdictional level, the district court is not precluded from ruling on the attorney's fees issue by either its final judgment or [the Fifth Circuit's] mandate."); *see also Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240-41 (5th Cir. 1984) (Following issuance of a mandate, "[t]he district court is not preempted from acting on a matter neither raised before nor acted upon by [the appellate] court."). [3]  As summarized by a leading treatise: "Some time after the court of appeals has entered its judgment in a case on appeal, the court issues its mandate.  The mandate is directed to the district court, which upon receipt of the mandate can take whatever further proceedings are appropriate or necessary in light of the mandate." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3897, at 735-36 (3d ed. 1999 & Supp. 2006) (and cases cited therein).

---

[3]In *Engel*, the Fifth Circuit was confronted with the following issue:

> We must decide whether defendants who appealed successfully from an adverse judgment may recover attorneys' fees from the ultimately unsuccessful plaintiffs, despite defendants' failure to seek attorneys' fees in their pleadings before the district court and this court.  We hold that a mandate of this court instructing the district court to dismiss the complaint did not divest the district court of authority to consider an award of attorneys' fees to the prevailing defendants.

732 F.2d at 1239-40.  While it is true that the mandate in *Engel* reversing the district court included an instruction to dismiss the complaint, and the mandate in this case does not, the court's decision did not hinge on this instruction. Rather, the court considered crucial that the district court's award of attorney's fees and costs was not inconsistent with the mandate and, while the district court is obliged to carry out the instructions, it "should then be presumed to be free to take any other consistent actions."  *Id.* at 1241.

What is clear from the court's review of the law, *supra*, is that it is not at liberty to act in a manner inconsistent with the Fifth Circuit's mandate, or to reconsider any aspect of the merits. Equally clear, however, is that the court is free to take actions consistent with the appellate court's mandate. Having carefully considered the mandate, along with the Fifth Circuit's opinion in this case, it is clear that costs and attorney's fees were not included in or acted upon by the Fifth Circuit's decision on the merits. Moreover, an assessment of costs and attorney's fees does not involve "reconsideration of any aspect of the decision on the merits." *See Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988). In *Buchanan*, the Supreme Court rejected the argument that a postjudgment motion for costs was a motion under Fed. R. Civ. P. 59(e), namely, one to alter or amend judgment. The Court stated that a prevailing party seeking costs postjudgment is seeking "only what was due *because of* the judgment." *Id.* (original emphasis); *see also White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451-52 (1982) (A motion for attorney's fees is not a Rule 59(e) motion since it requires an inquiry "separate from the decision on the merits" and "does not imply a change in the judgment, but merely seeks what is due because of the judgment.").

Similarly, Wells Fargo's motion seeking costs (and potentially attorney's fees) does not imply or require a change in or to the Fifth Circuit's judgment on the merits, and is in no way inconsistent with the mandate. An award of costs to Wells Fargo as the prevailing party, a matter not contested by Plaintiffs (*see* Pl. Resp. at 3 ¶ 5), and a possible award of fees under Kansas law (*see* Kan. Stat. Ann. § 58a-1004 (2003)), are in all ways consistent with the mandate vacating this court's final judgment in favor of Plaintiffs and rendering judgment in favor of Wells Fargo.[4]

---

[4]Wells Fargo asserted and preserved its right to attorney's fees at the trial level. *See* Joint Pretrial Order.

**Memorandum Opinion and Order - Page 7**

### III.      Conclusion

For the reasons stated herein, the court **denies** Defendant's Motion for Entry of Final Judgment Based on the Mandate of the Court of Appeals.  The court determines that, following the Fifth Circuit's October 16, 2006 Mandate, Wells Fargo is the prevailing party. As such, Wells Fargo is entitled to costs, and it may be entitled to attorney's fees under Kansas law.

In allowing reasonable costs to be recovered by Wells Fargo, and permitting it to file a motion for attorney's fees, the court is simply acting as a result of the Fifth Circuit's mandate and providing Wells Fargo an opportunity to establish what it is, or may be, entitled to as a result of that mandate.  Moreover, the parties have not cited the court to any authority, and the court has found none, that the fourteen-day period cited in Rule 54 is jurisdictional.  The court determines that it is not, and to so hold would exalt form over substance, especially since no authority exists for Plaintiffs' novel theory that the appellate court's decision and mandate becomes, *ipso facto*, the judgment for purposes of Fed. R. Civ. P. 54.  The court expressly rejects this theory as advanced by Plaintiffs.

As there is no dispute between the parties that Wells Fargo is entitled to costs, the court hereby **directs** the parties to confer regarding the issues of Wells Fargo's entitlement to costs and possible entitlement to attorney's fees.  If the parties reach an agreement regarding these matters, they shall submit an Agreed Order for the court's signature and entry by **July 6, 2007**.  If no agreement can be reached, Wells Fargo shall file its bill of costs and any request for attorney's fees by **July 20, 2007**.  The request or motion for attorney's fees shall include the authority on which the request is made, a brief in support of the request, and adequate documentation for the court to determine the reasonableness and necessity of fees sought by Wells Fargo.  The response of

Plaintiffs and the reply of Wells Fargo shall be filed pursuant  to the Local Civil Rules of this

district.  The parties may file affidavits or declarations in support of their respective positions

regarding attorney's fees.  The bill of costs, if not agreed to, may be submitted using the typical

form.

It is so ordered this 22nd day of June, 2007.

Sam A. Lindsay
United States District Judge